**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DAVID KIEFER, ) | CASE NO. 5:13CV00679 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | **ORDER** |

On September 2, 2015, Plaintiff David Kiefer ("Plaintiff") filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b)(1). (ECF No. 28.) The Acting Commissioner of Social Security ("Commissioner") filed a response indicating she does not oppose the motion. (ECF No. 29.) For the reasons set forth above, Plaintiff's Motion (ECF No. 28) is GRANTED in part and DENIED in part.

## I. Procedural History

On March 28, 2013, Plaintiff filed a Complaint in this Court, challenging the Commissioner's denial of social security disability benefits. (ECF No. 1.) On January 8, 2014, this Court issued a Memorandum Opinion and Order, along with a Judgment Entry, vacating the final decision of the Commissioner and remanding for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). (ECF Nos. 23 & 24.)

On April 4, 2014, Plaintiff filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 25.) On April 17, 2014, the parties filed a Proposed Stipulation to an EAJA award in the amount of $4,367.55. (ECF No. 26.) On May 12, 2014, the Court issued an Order granting Plaintiff $4,367.55 in attorney fees pursuant to the EAJA consistent with the parties' Proposed Stipulation. (ECF No. 27.)

Upon remand, the Social Security Administration determined Plaintiff was entitled to disability benefits beginning October 2009. (ECF No. 28-1 at 1.) Plaintiff's past-due benefits amounted to $78,050.00. *Id*.

## II. Law

Pursuant to 42 U.S.C. § 406(b):

(b) Fees for representation before court.

   (1) (A) Whenever a court renders a judgment favorable to a claimant under this title [42 USCS §§ 401 *et seq*.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the

   Commissioner of Social Security may, notwithstanding the provisions of section 205(i) [42 USCS § 405(i)], but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

      (B) For purposes of this paragraph--

         (i) the term "past-due benefits" excludes any benefits with respect to which payment has been continued pursuant to subsection (g) or (h) of section 223 [42 USCS § 423], and

         (ii) amounts of past-due benefits shall be determined before any applicable reduction under section 1127(a) [42 USCS § 1320a-6(a)].

   (2) Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $ 500, or imprisonment for not more than one year, or both.

"Fees under § 406(b)(1)(A) are awarded from past-due benefits withheld from the claimant by the Commissioner." *Pendland v. Comm'r of Soc. Sec.*, 2011 WL 4891025 at * 1 (S.D. Ohio Sept. 21, 2011) (*citing Gisbrecht v. Barnhart*, 535 U.S. 789, 792, 122 S. Ct. 1817,

152 L. Ed. 2d 996 (2002)). "The Court may award fees only for work performed before the Court and not before the Social Security Administration." *Id*. (*citing Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*)).

### III. Analysis

Here, the Social Security Administration withheld $19,512.50 "from [Plaintiff's] past due benefits to pay the lawyer." (ECF No. 28-1 at 2.) The withheld amount represents 25 percent of the past due benefits. "While the SSA typically withholds 25% of the past-due benefits for payment of attorney fees, separate attorney fee awards are made under [§ 406(a) and] § 406(b) for work performed before the administrative agency and for work performed in the federal court." *Karadsheh v. Comm'r of Soc. Sec.*, 2011 WL 5041366 at * 2 (W.D. Mich. Sept. 26, 2011).

The Court notes Plaintiff executed a Attorney/Client Fee Agreement on May 21, 2010 providing that "I agree that if SSA favorably decides my claim at the Appeals Council (AC) level; or at the ALJ hearing level *after* a decision by the Appeals Council or Federal Court; or if a Federal Court favorably decides my case, I will pay my attorney a fee equal to 25 percent of all past-due benefits in my Social Security and/or SSI disability claims for me and my family." (ECF . No. 28-2.) "When two parties enter into such an arm's length agreement, due deference should be given to this expression of the intentions of the parties. However under the special circumstances of court authorization of fees in social security cases, a court is not bound to award recovery according to the stated agreement." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). This Court operates as an "independent check" on the reasonableness of such contingency arrangements. *Gisbrecht*, 535 U.S. at 807. There is "a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract *unless* 1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of HHS*, 923 F.2d 418, 419 (6th Cir. 1990).

Certainly, there is no indication of improper conduct herein and counsel was effective. As such, unless the amount requested constitutes a windfall, the Court will enforce the

3

contingency agreement. As explained in the *Hayes* decision:

> We believe that, under *Rodriquez*, windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

*Hayes*, 923 F.2d at 422; accord *Bailey v. Comm'r of Soc. Sec.*, 2012 WL 641538 at * 1 (N.D. Ohio Feb. 28, 2012) ("In the Sixth Circuit, below a floor of double the normal rate, an award can never be a windfall.")

Here, Plaintiff's counsel is seeking an award that translates into a hypothetical hourly rate of $350.00.[1] Courts in this District have previously determined that an hourly rate of up to $350 is an appropriate upper limit in awarding attorney fees pursuant to § 406(b). *See e.g. Lucky v. Colvin,* 2014 WL 3748930 at *3 (N.D. Ohio July 29, 2014): *Koprowski v. Comm'r of Soc. Sec.*, 2013 WL 29804 at * 2 (N.D. Ohio Jan. 2, 2013) ("Upon consideration of all that is known to the Court about this area of the law, the geographic region in which it is practiced, and the individuals routinely engaged in its practice, the Court finds that a total reasonable hourly rate is $175, doubled under the windfall analysis to $350 per hour"); *Papaleo v. Colvin,* 2013 WL 3940794 at * 3 (N.D. Ohio July 30, 2013); *May v. Comm'r of Soc. Sec.,* 2013 WL 162293 (N.D. Ohio Jan. 14, 2013); *Brown v. Comm'r*, 2012 WL 6682112 at * 3 (N.D. Ohio Dec. 21, 2012); *Arnold v. Astrue*, 2011 WL 307969 at * 2 (N.D. Ohio Jan. 11, 2011). Accordingly, and because the requested fees are no more than twice the standard rate for such work in the relevant market, counsel's requested rate of $350 per hour is approved.

Plaintiff's counsel requests a total of $9,030.00 in attorney fees to be paid from the amount withheld from Plaintiff's past due benefits, which constitutes roughly eleven (11) percent of her total past due benefits award. (ECF No. 28 at 1.) The Commissioner does not object to an

---

[1] This figure is reached by dividing the amount of the total award sought ($9,030.00) by the numbers of hours of attorney work on Plaintiff's case (25.8).

award of $9,030.00 so long as $1,468.02 of the previous EAJA award is remitted to Plaintiff.[2] (ECF No. 29.) Plaintiff's counsel, Matthew Shupe and Paulette Balin, represent that they performed a combined total of 25.8 hours of work before this Court on Plaintiff's behalf. (ECF No. 28 at 2.) However, a review of Plaintiff's EAJA application reveals that only 25.2 hours were spent on this matter.[3] (ECF No. 25, Exhs. 5 & 6.) Therefore, using the requested hourly rate of $350.00, the Court reduces the recoverable fees by $210.00 for the 0.6 hour discrepancy between the hours initially claimed and the hours actually expended on this matter. As such, attorney fees of $8,820.00 are appropriate.

However, as acknowledged in Plaintiff's Motion, counsel may not retain both the EAJA award and an award under § 406(b). As the Supreme Court noted in *Gisbrecht*, "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security Benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (citations omitted). In other words, "[i]n the situation of dual entitlement, the attorney must refund the amount of the smaller fee to the claimant." *Tharp v. Comm'r of Soc. Sec.*, 2011 WL 3438431 at * 8 (S.D. Ohio, Aug. 5, 2011) (*citing Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989)).

---

[2] The Commissioner represents that $2,899.53 of the total $4,367.55 EAJA award was used to offset a pre-existing debt owed by Plaintiff to the United States and, therefore, only $1,468.02 was remitted to counsel. (ECF No. 29 at n. 1; *see also* ECF No. 28-3.)

[3] An email from Plaintiff's counsel confirmed that the lower total is the accurate amount.

### IV. Conclusion

For the reasons set forth above, the Court approves counsel's request for attorney fees in the reduced amount of $8,820.00 from Plaintiff's past due benefits. It is further ordered that Plaintiff's counsel must refund $1,468.02 to Plaintiff the amount previously remitted to counsel for attorney fees under the EAJA.[4]

IT IS SO ORDERED.

s/ Greg White
United States Magistrate Judge

Dated: September 18, 2015

---

[4] The Court finds that counsel is only required to refund to Plaintiff the $1,468.02 that she actually received of the EAJA award. *See, e.g., Matthews v. Colvin*, 2013 WL 6230339 (E.D. Tenn., Dec. 2, 2013) (finding that because the plaintiff received the benefits of the EAJA award by the reduction of his federal debt while counsel received nothing, attorney was entitled to the entirety of fees under 406(b)); *Rhoads v. Comm'r of Soc. Sec.*, 2012 WL 3651077 (W.D. Mich., Aug. 5, 2012) (finding no refund or offset of the EAJA fees was required as those fees were paid directly to the plaintiff and not his attorney).